IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHANNA E. SIEBERT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 09-194-E |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| COMMISSIONER OF ) | |
| SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

O R D E R

AND NOW, this 10th day of December, 2015, upon consideration of Plaintiff's Motion for Attorney Fees pursuant to the Social Security Act, 42 U.S.C. § 406(b), and the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (Doc. No. 15), filed by Plaintiff's Counsel ("Counsel") in the above-captioned matter on February 2, 2015, and upon further consideration of Defendant's response thereto (Doc. No. 16), filed on March 4, 2015, and upon further consideration of Plaintiff's Brief in Support of Plaintiff's Petition for 406(b) Attorney Fees (Doc. No. 18), filed on October 29, 2015, and Defendant's response thereto (Doc. No. 19), filed on November 5, 2015, both filed in response to the Court's Order of October 14, 2015,

IT IS HEREBY ORDERED that said Motion is DENIED as untimely.

**I.    Background**

Although this motion was purportedly filed by Plaintiff in this matter, the Court notes that Plaintiff's Counsel is the true party of interest here. Counsel represented Plaintiff

1

throughout the proceedings in this case, both at the administrative level before the Commissioner of Social Security ("Agency") and at the District Court level.  After remanding the case to the Agency for further proceedings, the District Court awarded attorney fees in the amount of $3,836.25, pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), for Counsel's work before the Court.[1]

Upon remand to the Agency, an Administrative Law Judge ("ALJ") entered a decision in Plaintiff's favor, and Counsel also received payment under Section 206(a) of the Social Security Act, as amended, 42 U.S.C. § 406(a), for his work before the Agency.  In fact, Counsel has advised the Court that he received payment from the Agency in the amount of $7,383.75 (minus an $88.00 user fee), pursuant to that statute.  Unlike EAJA fees, however, fees under 42 U.S.C. § 406(a) are paid "'out of, and not in addition to, the amount of [the] past-due benefits.'" Gisbrecht v. Barnhart, 535 U.S. 789, 795 (2002) (quoting 42 U.S.C. § 406(b)(1)(A)).

After the Agency ruled in Plaintiff's favor on remand, the Agency further determined that Plaintiff was entitled to an award of back pay.  Of this award, the Agency evidently withheld $17,244.75 for possible payment of attorney fees.  The Agency sent a number of letters to Counsel advising him of his client's award, and Counsel eventually filed the present motion for Section 406(b) fees with this Court.  Because of the apparent delay in his filing of this fee petition with the Court, Counsel was provided with an opportunity to present his position as to

---

[1] It should be noted that, although Counsel's motion appears to seek fees pursuant to the Social Security Act, 42 U.S.C. § 406(b), and the Equal Access to Justice Act, 28 U.S.C. § 2412(d), Counsel has already received fees under the EAJA.  Additionally, Counsel properly states in his motion that, if awarded fees pursuant to Section 406(b), he would be obligated to refund his client the amount of the EAJA fees he has already been paid in connection with the work done at the District Court level (because the amount of the EAJA fees awarded is less than the amount he is currently seeking under Section 406(b)).  See Gisbrecht v. Barnhart, 535 U.S. 789, 796 (2002).

the timeliness of his motion. Accordingly, Counsel filed a Brief in Support of Plaintiff's Petition for 406(b) Attorney Fees ("Response"). It is this issue of the timeliness of Counsel's fee petition that is presently before the Court.

## II. Discussion

The Court of Appeals for the Third Circuit has held that the time frame for filing a petition for fees pursuant to 42 U.S.C. § 406(b) is governed by Federal Rule of Civil Procedure 54(d)(2). See Walker v. Astrue, 593 F.3d 274, 280 (3d Cir. 2010). This Rule provides that a motion for attorney fees must be filed no later than 14 days after the entry of judgment, unless otherwise provided by court order or statute. See id. at 277. The Third Circuit has held, further, that application of the filing deadline is tolled until notice of the award of benefits is issued by the Agency and counsel is notified of the award. See id. at 280. Thus, counsel has 14 days from notification of the notice of award to file a fee petition in a district court. See id.

In the case at bar, Counsel attached to his motion for attorney fees a letter, dated January 21, 2013, from the Agency notifying him of a determination of the amount of Supplemental Security Income back payments (totaling $58,701.20) owed to his client. (Doc. No. 15-4). Counsel did not file his petition for fees with the Court at that time, however, but instead did so approximately two years later. Counsel contends that this letter did not provide him with the requisite notice triggering the 14-day filing window because it did not provide a total back pay award (in that the Agency had not yet determined Plaintiff's entitlement to Disability Insurance Benefits), and because the letter does not make reference to Section 406(b) fees.

Nevertheless, Counsel attached to his Response a copy of Plaintiff's Disability Insurance Benefits Notice of Award ("Notice"), dated September 30, 2013, which was also evidently sent

to Counsel and to his client by the Agency. (Doc. No. 18-2). That Notice explained that the Agency "usually withhold[s] 25 percent of past due benefits in order to pay the approved lawyer's fee." Id. The Notice further specified that the Agency was withholding $17,244.75 from Plaintiff's past due benefits "in case we need to pay your lawyer," and that "[i]f all the work on this case for you and your family is finished, and your lawyer wants to charge a fee, a request to have it approved should be sent to us right away." Id. The Notice then states, in part, that such petition should be sent to the ALJ at the listed address. See id. at 2-3. Counsel explains that he "subsequently filed a Fee Petition with the Social Security Administration based on the total back benefit calculated at $17,244.75, on October 7, 2013." (Doc. No. 18, at 2). The Court notes that such procedure may have been appropriate for Counsel seeking fees, pursuant to Section 406(a), for services performed before the Agency.

However, in order to seek fees from the District Court for work performed before the Court pursuant to Section 406(b), Counsel was required to file a petition with the Court. Significantly, the Notice itself explains the procedure to be followed in seeking fees for services performed at the district court level. Oddly, Counsel claims that the Notice is "void of reference to 406(b) fees," and that "[a]ll documents instructed Plaintiff's attorney to seek attorney fees through the ALJ or Office of Central Operations." Id. Upon review, however, the Court notes that the Notice provides that, "Section 206(B) of the Social Security Act, as amended, governs fees for services before the court."[2] (Doc. No. 18-2, at 3). The Agency's Notice then

---

[2] The Court notes that "Section 206 of the Social Security Act ('the Act'), 42 U.S.C. § 406, governs the representation of Social Security claimants and dictates how fees for representation will be assessed and paid." In re Handel, 570 F.3d 140, 144 (3d Cir. 2009). Further, Section 206(b) of the Social Security Act, as amended, can be found in the United States Code at 42 U.S.C. § 406(b).

elaborates and further specifies that, if Plaintiff's counsel "wishes to receive a fee for those services, he must send the petition for that fee to the United States District Court you appeared before with a copy to the Unites States Attorney's Office." Id.

Thus, while giving Counsel the benefit of the doubt as to whether the first letter from the Agency constituted sufficient notice of his client's back pay award to trigger the 14-day filing period, the Court finds that Counsel clearly was notified of Plaintiff's notice of award once he had also received the September 30, 2013, Notice from the Agency. As discussed, supra, Counsel had 14 days from such notification in which to file a fee petition in the District Court, yet he did not file the present petition until February 2, 2015, well over a year (16 months) later. Accordingly, Counsel's motion is untimely under 42 U.S.C. § 406(b).

Moreover, the Court finds that there are no grounds for equitable tolling of the time period for filing Counsel's motion for fees. Regardless of his claim to the contrary, the Agency stated in its Notice that Counsel needed to file a petition with the Court in order to seek fees under the statute for work performed there, but Counsel failed to do so within the relevant 14-day time frame. Nevertheless, Counsel apparently also received a follow-up letter from the Agency, dated September 10, 2014, which Counsel attached to his Response, explaining that the Agency was "writing at this time to determine whether you have petitioned the United States District Court for the Western District of Pennsylvania for a fee for your services before the court." (Doc. No. 18-5). The Agency then requested that Counsel write to let it know whether he had or would petition for a fee and, if he had been authorized to receive such a fee in this case, to please send the Agency a copy of that authorization. See id. With regard to this letter, Counsel simply claims that it "did not reference 406(b) fees," but that it contained "a vague

statement about petitioning the United States District Court for a fee for services before the court." (Doc. No. 18, at 3). Regardless, after receiving this letter, Counsel still failed to file a fee petition with the Court.

It was not until Counsel received a final notice, dated January 14, 2015, stating that the Agency did not wish to delay the release of funds withheld from Plaintiff's past-due benefits, and that it was going to certify the withheld funds for payment to Plaintiff—unless Counsel filed a petition for approval of a fee or a written request for an extension of time—that Counsel finally filed the fee petition at issue here. (Doc. No. 18-6). By this time, however, the filing of the fee petition with the Court was clearly untimely.

The Court notes, additionally, that Section 406(b) authorizes it to approve Counsel's fee request from Plaintiff's award only for work performed in court. Counsel's compensation for services performed during the administrative phase of this case was determined separately by the Agency. See Guido v. Schweiker, 775 F.2d 107 (3d Cir. 1985). As noted, supra, Counsel petitioned for, and received payment from the Agency, in the amount of $7,383.75 (minus an $88.00 user fee) pursuant to Section 406(a) for his work before the Agency. Furthermore, in response to Counsel's earlier petition for EAJA fees, the Court also already awarded Counsel $3,836.25 for his work before the Court. In fact, the Court ordered such fees be paid to Counsel for work that is essentially the same as that for which he is seeking fees in the instant petition under Section 406(b).

While fees awarded under the EAJA are calculated differently than fees awarded under Section 406(b), see Gisbrecht v. Barnhart, 535 U.S. 789 (2002), and Counsel was free to file a petition—in a timely manner—arguing that he was entitled to fees for this work beyond the fees

already awarded pursuant to the EAJA, the fact remains that Counsel has indeed received compensation for his time spent in court. Perhaps, if his motion had been filed at the appropriate time in accordance with the law, Counsel might have "received greater fees pursuant to Section 406(b), but he is not being left with no fee whatsoever for his court work performed." Walker v. Massanari, 746 F. Supp. 2d 657, 661 (W.D. Pa. 2010). Thus, "[i]t simply cannot be said that it is extraordinary or manifestly unjust for counsel to be denied fees under Section 406(b) when he has already been compensated for that work, albeit at a lesser rate." Id. at 662.

### III. Conclusion

Accordingly, for the reasons set forth herein, the Court finds Counsel's petition for fees to be untimely, and, thus, the motion is denied.

s/Alan N. Bloch  
United States District Judge

ecf: Counsel of record